## Wytheville

### JOHNSTON AND OTHERS v. COMMONWEALTH, EX. REL. PERRY.

#### June 10, 1915.

1. INSANE PERSONS — *Settlements of Committee — Finality — Code (1904), Section 2699.*—The settlements of accounts of committees of insane persons before a commissioner of accounts are final and conclusive under the provisions of section 2699 of the Code, as to all matters therein directly adjudicated, except so far as the same may be surcharged and falsified in a suit brought in proper time.

2. INSANE PERSONS — *Settlements of Committee — Correction — Equity—Jurisdiction—Fraud.*—The settlement by a commissioner of the accounts of the committee of an insane person which has been duly confirmed will not be set aside on a bill which states no ground of fraud, accident or mistake, but merely seeks to correct an error alleged to have been made by the commissioner in his settlement. This is not sufficient to entitle the complainant to reopen the settlement by bill in equity.

Error to a judgment of the court of Law and Chancery of the city of Norfolk. Judgment for the plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*R. R. Hicks, for the plaintiffs in error.*

*James G. Martin,* for the defendant in error.

KELLY, J., delivered the opinion of the court.

On the 7th day of February, 1902, by a competent order of court R. M. Johnston was appointed as committee of John Sales, and gave bond with the United States Fidelity and Guaranty Company as his surety. By the same order Sarah Sales, the mother of John Sales, who had theretofore qualified as such committee, was permitted to resign and was discharged from further liability.

By a report of T. T. Hubard, commissioner of accounts, filed in the proper clerk's office on the 15th day of May, 1908, the said R. M. Johnston, committee, was charged with $491.28, principal, and $100.80 interest, being a total charge of $592.08. Johnston excepted to this report, but the exceptions were overruled and the report was confirmed by the court and duly recorded.

John Sales died in 1913. On February 26, 1914, Lilly Perry qualified as his administratrix, and shortly thereafter brought this action of debt against Johnston and his surety to recover the amount charged against Johnston in the above mentioned report.

At the trial, after the foregoing facts had been made to appear by evidence for the plaintiff, the defendants offered to prove the following facts: That John Sales enlisted in the United States Navy in 1898; that in 1902 he became insane and was confined in a hospital at Washington, where he was cared for by the Government; that at the time of his insanity there was due him by the Government the money that was turned over to R. M. Johnston, committee; that Johnston qualified as committee in February, 1902, and served as committee until 1905; that on that date Sarah Sales was appointed by the Circuit Court of Norfolk county committee of John Sales, and upon her qualification as such I. W. Eason, as attorney for her as committee, demanded from Johnston the amount of money in his hands, amount-

ing to $523 and some cents; that Johnston gave the money
to Eason, as attorney for Sarah Sales, committee, taking
his receipt for it and at the same time Johnston turned over
to him the check, he turned over his voucher, etc., with
the request that Eason should attend to the settlement of
his accounts, which Eason promised to do; Johnston heard
no more of this matter until 1908, when he ascertained the
account had not been settled, and then he made up the
statement exhibited in evidence; that Eason held the money
and gave it to Sarah Sales from time to time, for her sup-
port and maintenance, until the whole sum was in that way
expended; that she was an old and feeble woman and
was the mother of John Sales; that Sarah Sales was a resi-
dent of Norfolk county at the time she qualified as com-
mittee in 1905; that John Sales was a resident of the county
of Norfolk at the time of his enlistment; that the family
of John Sales consisted of his mother, Sarah Sales, and two
sisters, Lilly Perry and Henrietta Howard; that both lived
with their mother until 1907; that Henrietta Howard was
married in 1905 and is 39 years old, and Lilly Perry is 36
years old; and that John Sales had no children.

But the court refused to admit the evidence offered as
aforesaid, "on the ground that the settlement of account
before the commissioner of accounts, as set out in the evi-
dence of the plaintiff, was conclusive."

The defendants then offered and the court allowed in evi-
dence a certain bill for an injunction and order refusing
the same, which will be hereafter briefly noticed.

There was a verdict and judgment for the plaintiff, and
the sole question to be determined upon this writ of error,
which was awarded to that judgment, is as to the correct-
ness of the action of the court in holding that the settle-
ment of account was conclusive, and in refusing the afore-
said evidence on that ground. As is correctly stated in

the reply brief for the plaintiffs in error, "no other question is discussed in the petition" for the writ of error.

We do not think this can be regarded as an open question in Virginia. Section 2699 of the Code provides, that all accounts of this character, after confirmation, "shall be taken to be correct, except so far as the same may, in a suit in proper time, be surcharged and falsified." In the case of *Carter* v. *Skillman*, 108 Va. 204, 60 S. E. 775, this court, in an opinion delivered by Judge Keith, went fully into the finality of settlements made by fiduciaries under the provisions of the chapter of the Code of Virginia to which section 2699 belongs, and held such settlements to be final and conclusive as to all matters therein directly adjudicated. The opinion in that case must be taken as expressing the views of this court in the instant case, and we deem it unnecessary to make any further reference to the authorities upon this question.

Considerable stress was laid in the oral argument and in the brief upon the fact that the plaintiff in error had applied, first to the circuit court, and then to one of the judges of this court, for an injunction to stay the present action until in a court of equity the account of Johnston, committee, could be corrected; and that the injunction in each instance was denied. The grounds upon which the injunction was refused are not indicated. Whether the application was rightly or wrongly refused is hardly a pertinent question in this case, but if the application for an injunction were now before us for action, we would have no hesitancy in refusing it. The bill states no ground of fraud, accident, or mistake, but merely seeks to correct an error which it alleges the commissioner of accounts made in his settlement. This is not sufficient to entitle the complainant to reopen the settlement by bill in equity. See 19 Ency. Pl. & Pr., 1066, 1067; *Boulton* v. *Scott*, 3 N. J. Eq. 231; *Clyce* v. *Anderson*, 49 Mo. 37.

There was no error in the judgment complained of and it must be affirmed.

*Affirmed.*

### UPON A PETITION TO REHEAR.

BY THE COURT:

We are asked to rehear this case upon the ground that the alleged contributions by Eason to the support of Sarah Sales would, if proved, have been proper credits upon Johnston's liability as fixed by the commissioner of accounts and confirmed by the court.

This contention cannot be maintained for the reason, not affirmatively appearing in the opinion but conclusively shown by the record, that, according to Johnston's claim, the entire fund had been thus applied before his accounts were settled. This being true, the defendants are precluded by the effect of the statute (Sec. 2699) from setting up in this action alleged credits and off-sets arising prior to the settlement.

Whether Johnston offered to prove such off-sets or credits before the commissioner, and if not, why not, and why in either event, he waited until after the death of both John and Sarah Sales, and until this action was brought, nearly six years, before he made any attempt to correct the alleged errors in the settlement, are, therefore, immaterial questions except as illustrative of the wisdom of the statute. And the same may be said as to why Eason should have taken, if he did, the unusual and improbable course of paying the fund in small sums to Sarah Sales for her support when she was entitled to the whole sum at once as committee of John Sales.

*Re-hearing denied.*